IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD YOUNG<br>811 Mill Grove Drive<br>Audubon, PA 19403<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EXELIXIS, INC.<br>d/b/a EXELIXIS<br>1851 Harbor Bay Parkway<br>Alameda, CA 94502<br><br>　　　　　　Defendant. | CIVIL ACTION<br><br>No.:<br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Todd Young (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.  Plaintiff has initiated this action to redress violations by Exelixis, Inc. d/b/a Exelixis (*hereinafter* referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

redress for violations of federal laws. There lies future supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(2), venue is properly laid in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5. Plaintiff is proceeding herein under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## **PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address set forth in the caption.

8. Defendant is a biotechnology corporation that innovates cancer treatments throughout the United States (including Pennsylvania) and is headquartered at the above-captioned address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted, at all times relevant herein, in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. In or about late-October of 2022, Plaintiff was hired by the Defendant into a Manager, Lab Sciences & Compound Repository position.

12. In or about November of 2022, Plaintiff commenced his employment with Defendant and reported out of its 250 King of Prussia Road #120, Radnor, PA 19087 location.

13. Plaintiff remained in the aforesaid Manager, Lab Science & Compound Repository position until his unlawful termination, on or about September 19, 2023 (discussed further *infra*).

14. Throughout his tenure with Defendant, Plaintiff was a dedicated and hard-working employee, who performed his job well.

15. At the time of his termination, Plaintiff was directly supervised by Levina Goon (*hereinafter* "Goon"), Director, Compound Repository & Lab Operations.

16. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including depression, anxiety, attention deficit hyperactivity disorder ("ADHD"), and associated complications.

17. Over the years, it had also been discussed that Plaintiff may have a form of Autism and is Neurodivergent (indicating brain functionality differences, particularly impacting how Plaintiff conducts himself in social situations).

3

18. As a result of his aforesaid disabilities, Plaintiff is limited (at times) in his ability to perform some daily life activities, including but not limited to, concentrating, sleeping, breathing, and eating.

19. Additionally, while Plaintiff has strived during his life and career to overcome challenges and to compensate for his disabilities by being very professional, diplomatic, and highly technical, Plaintiff does has disability-related complications with making eye contact, among other impacts (discussed *supra*).

20. Plaintiff apprised Defendant's management, including but not limited to Goon, Executive Director and Lead Discovery – Eric Johnson (*hereinafter* "Johnson"), and Vice President, Medical Chemistry – Heather Finlay (hereinafter "Finlay") of his medical conditions and limitations.

21. Despite his aforesaid health conditions and limitations, Plaintiff was still able to perform the duties of his job well with Defendant and did not have an issue with his employment until in or about the Summer of 2023 when a co-worker of Plaintiff's became very hostile towards Plaintiff and his disability (even questioning things like Plaintiff's eye contact with him when he communicated with her).

22. For example, in or about the week of July 31, 2023, Plaintiff implemented a new policy wherein his co-workers were required to utilize either e-mail or Microsoft Teams ("Teams") in order to put in requests, including instrument installation, lab operations, ordering supplies and compound repository (compound management) requests.

23. On or about August 25, 2023, Pratima Patil (*hereinafter* "Patil"), Senior Scientist II, Lead Discovery came to Plaintiff alleging he was "making her use email and Teams" and that she should not be required to do so.

4

24. In response, Plaintiff informed Patil that the policy applied to every direct report and explained that as a result of his disabilities, he needed all requests to be written down in one place.

25. Immediately after disclosing his disabilities to Patil, she became belligerent with Plaintiff.

26. As an example, Patil screamed in Plaintiff's face in an aggressive manner and yelled, "Look at you, you can't even look me in the eyes."

27. Again, Plaintiff informed Patil that he suffers from mental health conditions and that he had issues making eye contact that stemmed from neurodivergence/associated complications of ADHD.

28. Shortly following Patil's discriminatory conduct, on or about August 25, 2023, Plaintiff emailed Goon, Johnson, and Finlay, explaining *inter alia*: "I realize that you are . . . tired of hearing about this" . . . "I explained . . . my issues with eye contact stem from Neurodivergence. I asked [Patil] if she understood Autism and Neurodivergence" . . . "I would appreciate your guidance on this matter."

29. Thereafter, Finlay forwarded Plaintiff's August 25, 2023 email to Human Resources and Head of Discovery – Paige Mahaney (*hereinafter* "Mahaney").

30. In addition, on or about August 28, 2023, Finlay informed Plaintiff that his aforesaid email (discussed *supra*) "looked litigious and HR can fire [him] for that," thereby exhibiting retaliatory animus for making a protected report of discrimination.

31. The following day, on or about August 29, 2023, Plaintiff met with Aja Rice (*hereinafter* "Rice"), Human Resources Representative, and made a second report of disability discrimination against Patil.

32. Rice assured Plaintiff that Defendant would conduct an investigation into his aforesaid discrimination complaints (discussed *supra*).

33. However, on or about August 31, 2023, Rice called Plaintiff to inform him that Defendant was declining to conduct an investigation into his aforesaid reports as it was a "management problem."

34. Upon information and belief, Plaintiff's aforesaid complaints of disability discrimination were never properly investigated or resolved and instead, Plaintiff was subjected to retaliation as a result of the same.

35. For example, on or about September 19, 2023, Johnson and Rice abruptly terminated Plaintiff's employment, alleging his position had been eliminated.

36. In actuality, Plaintiff's position was not eliminated but instead reposted under the guise of the "Associate Lab Operations" position. Such position contained the same and/or similar job duties as Plaintiff's Manager, Lab Sciences & Compound Repository position with Defendant.

37. Following his unlawful termination, on or about September 20, 2023, Defendant offered Plaintiff an unsolicited severance agreement asking him to waive any legal claims against Defendant (which he did not sign).[2]

---

[2] *See e.g.*, *Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115, at *25 (E.D. Pa. May 22, 2013) (employer's decision to offer Plaintiff severance on the condition he waive any FMLA claims, even though not a company policy, supported finding of pretext in FMLA claim, among other facts); *see also Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085, at *13-14 (W.D. Wash. June 2, 2011) (severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072, at *11 (N.D. Ind. March 18, 2011) ("Severance pay packages contingent upon a release of claims which are offered *contemporaneously with the notice of termination* are *not* covered by [Rule 408]," and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case.) (citation omitted); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267, 1300 (D. Nev. 2009) (denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy).

38.     Defendant's purported reason for Plaintiff's termination is completely pretextual because (1) Plaintiff performed an integral role that was needed within Defendant (not one that can simply be eliminated unless to conceal an unlawful termination); (2) Plaintiff had only been hired 10 months earlier, so an assertion of a sudden need to "eliminate" a job that was subject to a relatively recent hire is illogical and lacking in credibility; (3) Plaintiff was terminated in close temporal proximity to disclosing his medical conditions and expressing concerns of disability discrimination and the impact that such environment was having on his disabilities; (4) Defendant failed to take any corrective action regarding Plaintiff's aforesaid complaints; (5) Finlay displayed antagonism towards Plaintiff after he made his August 25, 2023 report stating he "looked litigious and HR can fire [him] for that;" (6) upon information and belief, Plaintiff's position was not in fact eliminated; (7) prior to dialogue about his health and Patil's discriminatory treatment with management, Plaintiff was discussing goals and matters for late 2023-2024 (indicating no intended job "elimination"); and (8) Defendant offered Plaintiff an unsolicited severance agreement to waive any legal claims against Defendant.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; and [2] Retaliation)

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities, including but not limited to, concentrating, sleeping, breathing, and eating, among other impacts (such as making eye contact).

41.     Despite Plaintiff's aforementioned health conditions, limitations, and other side effects, he was still able to perform the duties of his job well with Defendant.

42. Within weeks of disclosing his aforesaid disabilities (discussed *supra*) and expressing concerns of mistreatment on account of his disabilities/disability discrimination, Defendant abruptly terminated Plaintiff's employment for completely pretextual reasons.

43. Based on the foregoing, Plaintiff believes and therefore avers that his [1] actual disabilities; [2] perceived disabilities; and/or [3] record of impairment were motivating or determinative factor(s) in Defendant's decision to terminate his employment.

44. In addition, Plaintiff believes and avers that he was ultimately terminated in retaliation for reporting the concerns of disability discrimination and the impact that his work environment was having on his disabilities.

45. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 20, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Todd Young | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| Exelixis, Inc. d/b/a Exelixis | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 12/20/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 811 Mill Grove Drive, Audubon, PA 19403

Address of Defendant: 1851 Harbor Bay Parkway, Alameda, CA 94502

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/20/2023    _____    ARK2484 / 91538
                     *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
     *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

- [X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- [ ] Relief other than monetary damages is sought.

DATE: 12/20/2023    _____    ARK2484 / 91538
                     *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
YOUNG, TODD

**DEFENDANTS**
EXELIXIS, INC. D/B/A EXELIXIS

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Alameda
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
*Other:*
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE: 12/20/2023
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

[Print]  [Save As...]  [Reset]